16-1168
*In Re: DNTW Chartered Accountant Sec. Litig.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 15th day of December, two thousand sixteen.

Present:     ROBERT A. KATZMANN,
                      *Chief Judge*,
             RALPH K. WINTER,
                      *Circuit Judge*,
             SIDNEY H. STEIN,
                      *District Judge*.[*]

---

IN RE: DNTW CHARTERED ACCOUNTANT
SECURITIES LITIGATION

---

PAUL STEMBOROWSKI, individually and on
behalf of all others similarly situated, GEORGE
PILNEY, JEFF SOMERS

         *Plaintiffs-Appellants*,

              - v -                              No. 16-1168

SPENCE WALKER, BRYCE WALKER, DNTW
CHARTERED ACCOUNTANTS, LLP,

         *Defendants-Appellees*,

---

[*] Judge Sidney H. Stein of the United States District Court for the Southern District of New York, sitting by designation.

1

JOHN AND JANE DOES, 1-5, DNTW TORONTO
LLP,

     *Defendants.*

---

For Plaintiffs-Appellants:                   PHILLIP C. KIM (Laurence M. Rosen, *on the brief*), The Rosen Law Firm, New York, NY.

For Defendants-Appellees:                  JOHN H. EICKEMEYER (Charles J. Nerko, *on the brief*), Vedder Price P.C., New York, NY.

Appeal from the United States District Court for the Southern District of New York (Gardephe, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-appellants brought this putative class action against the auditors of a fake, but publicly traded, company, Subaye, Inc. ("Subaye"). Defendants-appellees DNTW Chartered Accountants, LLP, a Canadian accounting firm, and two of its partners, Spence and Bryce Walker, (collectively "DNTW") issued clean audit reports that were incorporated into Subaye's 2009 and 2010 10-K filings. DNTW failed to detect that Subaye was a fraud with no real business operations. Plaintiffs brought one claim for violations of § 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and SEC Rule 10b-5 and another claim for violations of § 20(a) of the Exchange Act. After granting plaintiffs leave to amend their complaint, the district court dismissed the § 10(b) and Rule 10b-5 claim for failure to adequately plead scienter and the § 20(a) claim for failure to plead a primary violation. We affirm. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review dismissal of plaintiffs' claims de novo, "accepting all factual allegations in [plaintiffs'] complaint as true." *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 796 (2d Cir. 2014). "To state a claim for relief under § 10(b) and Rule 10b–5, plaintiffs must allege . . . scienter . . . ." *Lentell v. Merrill Lynch & Co., Inc.*, 396 F.3d 161, 172 (2d Cir. 2005).

Plaintiffs argue that they adequately pleaded scienter "by alleging facts . . . constituting strong circumstantial evidence of . . . [DNTW's] recklessness." *ATSI Commc'ns., Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007). Specifically, they argue that they adequately alleged DNTW's scienter under a "red flags" theory.

Plaintiffs face a high bar. For them to prevail, their complaint must have "state[d] with particularity facts giving rise to a strong inference" of scienter, 15 U.S.C. § 78u-4(b)(2)(A), such that "a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged," *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 324 (2007). To properly plead recklessness, plaintiffs must allege

> conduct that is highly unreasonable, representing an extreme departure from the standards of ordinary care, not merely a heightened form of negligence. And for an independent auditor, the conduct must, in fact, approximate an actual intent to aid in the fraud being perpetrated by the audited company, as, for example, when a defendant . . . disregards signs of fraud so obvious that the defendant must have been aware of them. Mere allegations of GAAP violations or accounting irregularities, or even a lack of due diligence, will not state a securities fraud claim absent evidence of corresponding fraudulent intent.

*In re Advanced Battery Techs., Inc.*, 781 F.3d 638, 644 (2d Cir. 2015) (internal citations and quotation marks omitted).

Plaintiffs do not clear this high bar for pleading an auditor defendant's scienter. Among plaintiffs' primary allegations is that defendants were aware of Subaye's deficient internal controls over financial reporting. However, DNTW expressly disclaimed providing any opinion concerning Subaye's internal controls and sometimes sought confirmation of Subaye's finances

3

from outside sources. The more compelling inference to be drawn from these allegations is that DNTW tried, albeit inadequately, to compensate for Subaye's deficient internal controls and did not intend to aid in Subaye's fraud.

Another of plaintiffs' key allegations supports the conclusion that defendants behaved, at worst, negligently. During the fourth quarter of 2010, Subaye recorded an $18.8 million asset labeled "Cash Held in Trust" on its balance sheet. Plaintiffs' App. 23, ¶ 49. After Subaye failed to provide adequate documentation of this asset to DNTW, DNTW insisted that the $18.8 million be booked as a marketing expense rather than as an asset. These allegations undermine any inference of scienter by demonstrating that DNTW, through its audit, actively opposed Subaye's efforts to misrepresent its financial position.

Plaintiffs' remaining allegations do not establish a "strong inference" of scienter. 15 U.S.C. § 78u-4(b)(2)(A). Plaintiffs alleged, inter alia, that Subaye grew rapidly while simultaneously restructuring its businesses; DNTW failed to obtain competent evidence to support the existence of $8.1 million in purportedly refundable deposits for inventoriable assets; DNTW relied on documents provided by Subaye to confirm Subaye's cash balances; DNTW received accounts receivable confirmations within eleven days after they were mailed out, which Bryce Walker recognized was an unusually quick turnaround; DNTW received certain accounts receivable confirmations from Subaye's bookkeepers instead of from Subaye's customers; and Subaye's bank statements contained a one-time infusion of $6.7 million cash at the end of a reporting period. Even when considered in the aggregate, these allegations, do not "approximate an actual intent to aid [Subaye's] fraud." *In re Advanced Battery Techs.*, 781 F.3d at 644. Instead, plaintiffs' allegations "lead[] to an inference of, at worst, laziness." *In re Longtop Fin. Techs. Ltd Secs. Litig.*, 939 F. Supp. 2d 360, 382 (S.D.N.Y. 2013). Accordingly, the district court

properly dismissed plaintiffs' claim for violations of § 10(b) of the Exchange Act and SEC Rule 10b-5.

The district court also properly dismissed plaintiffs' claim for violations of § 20(a) of the Exchange Act. A control person claim under § 20(a) requires "a primary violation by the controlled person." *ATSI Commc'ns.*, 493 F.3d at 108. As explained above, plaintiffs failed to adequately allege a primary violation of § 10(b) of the Exchange Act or SEC Rule 10b-5. As such, plaintiffs' § 20(a) claim fails.

We have considered all of plaintiffs-appellants' contentions on appeal and have found in them no basis for reversal. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

5